UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT COMPION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV003 AGF-TIA |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Currently before the Court is the Report and Recommendation of United States Magistrate Judge Adelman to whom this matter was referred for recommended disposition pursuant to 28 U.S.C. ' 636(b).  On February 4, 2013, Magistrate Judge Adelman filed his recommendation that the Court deny Plaintiff=s request to reverse the decision of the Commissioner.  Plaintiff has filed timely objections to the Report and Recommendation.

Specifically, Plaintiff objects to the Magistrate's determination that the ALJ properly assessed Plaintiff's Residual Functional Capacity ("RFC").  The ALJ determined the RFC as follows:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  [Plaintiff] will be limited in terms of his reading and writing skills [Plaintiff] will be able to understand, remember and carry out at least simple instructions and non-detailed tasks.  [Plaintiff] will be able to respond appropriately to supervisors and co-workers in a task oriented setting where contact with others is casual and infrequent. [Plaintiff] should not work in a setting which includes constant and/or regular contact with the general public.  [Plaintiff] should not perform work

which includes more than infrequent handling of customer complaints.   (Tr. 16-17).

Upon review of the record before it, the Court is satisfied that the Magistrate Judge applied the proper legal standard in assessing the ALJ's RFC determination and that the ALJ included those additional limitations that he found supported by substantial evidence on the record as a whole.

With respect to Plaintiff's asserted limitation arising from "intermittent explosive disorder and anger outbursts," the Court concludes that the ALJ properly analyzed the medical records and opinions and accounted for this limitation by restricting the work setting described in the RFC and in his hypothetical to the Vocational Expert.   In addition, the record supports the ALJ's determination that Plaintiff did not leave work due to the alleged "intermittent explosive disorder and anger outbursts."   Further, although Plaintiff correctly asserts that the diagnosis of mental conditions such as "intermittent explosive disorder" necessarily relies on reports from the patient, the record supports the ALJ's determination that Plaintiff's testimony and reports with respect to this disorder were not credible and conflicted with the reports of his fiancé.

In addition, the Court rejects Plaintiff's objections to the greater weight given to the findings and opinions of Dr. Thomas Spencer, an examining consultative expert, than to the findings and opinions of Dr. Patrick Ourwari, Plaintiff's a treating physician.   The Court concludes that the ALJ properly accounted for his decision to discount some of Dr. Ourwari's opinions and to credit Dr. Spencer's opinions.   *See Anderson v. Astrue*, 696

2

F.3d 790, 793 (8th Cir. 2012) (stating that "ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions") (internal quotation omitted); 20 C.F.R. §404.1527(d)(2).

Similarly, the Court is satisfied that the record supports the ALJ's credibility determinations and that the Magistrate Judge correctly concluded that the ALJ properly assessed Plaintiff's credibility with respect to subjective complaints. *See McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir. 1984)). For example, Plaintiff's assertion that the ALJ failed to give proper consideration to Plaintiff's work record is without merit. Although a consistent work record weighs in favor of a claimant's credibility, *Aubuchon v. Astrue* No. 4:09 CV 465HEA/ DDN, 2010 WL 2870566, at *9 (E.D. Mo. Jul. 19, 2010) (citing *Burnside v. Apfel*, 223 F.3d 840, 844 (8th Cir. 2000)), here the ALJ explicitly found that Plaintiff had a "poor" prior work record. (Tr. 17.)

Plaintiff further asserts that the ALJ failed to carry out his duty to develop the record because he discounted the IQ test results in the record but did not order an additional IQ test. In fact, the ALJ noted that Dr. Spencer, the consultative examiner who performed the test, opined that the IQ score of 62 should be considered in light of his observations of and interactions with Plaintiff. Given the non-adversarial nature of Social Security disability proceedings, an ALJ has a well-established duty to develop a full and fair record. *Byes v.*

3

*Astrue*, 687 F.3d 913, 916 (8th Cir. 2012).  Nevertheless, Plaintiff's reliance on *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 824 (8th Cir. 2008), in support of his position is misplaced.  Unlike the situation in *Scott*, there is no indication on this record that the IQ test results were outdated.  *Compare Scott*, 529 F.3d at 824 (explaining that the ALJ has a duty to supplement the record with an additional IQ test and may not rely upon a test result not "sufficiently current" to comply with the requirements of 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 112.00D.10) *with Hall v. Astrue*, 460 Fed. Appx. 609, 610 (8th Cir. 2012) (explaining that the ALJ is required to order medical examinations only if the medical records before him do not provide sufficient evidence to determine whether the claimant is disabled).  In this case, there is no indication that the IQ test was not current, and the ALJ merely took into account the consultative examiner's opinion that the test results should be considered in light of the other relevant factors and findings in the medical record.  Therefore, the Court concludes that this objection also lacks merit.

Finally, with respect to the ALJ's assessment of the alleged limitations arising from Plaintiff's complaints of back pain as related to sitting and standing restrictions, the Court is satisfied that the ALJ's conclusions are fully supported by substantial evidence on the record as a whole.  As the Magistrate Judge noted, no treating physician or other medical professional recommended that Plaintiff restrict the time he spent sitting or standing or that he lie down intermittently throughout the day.  Moreover, the medical records do not indicate that Plaintiff ever reported to his physicians his asserted need to lie down throughout the day or that he had difficulty sitting and standing.  Therefore, the ALJ's

4

decision to discount this alleged limitation is supported by substantial evidence on the record as a whole.

On the basis of the foregoing analysis, careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections thereto, the Court concurs with the recommendation of the Magistrate Judge that the Commissioner=s decision in this matter should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **SUSTAINED, ADOPTED,** and **INCORPORATED** herein. (Doc. No. 19.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment shall accompany this Memorandum and Order.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2013.